No. 3329.—AMARON LEDOUX *v.* HYACINTHE MORGAN et als.—Third opposition of J. P. HARRISON.

In a contest between mortgage creditors over the proceeds realized from the sale of mortgaged property, the mortgage creditor holding the superior mortgage is entitled to be first paid, whether the obligation for which his mortgage was given has matured or not.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Posey, J.  Edward Phillips,* for plaintiff. *Farrar & Montgomery,* for opponent and appellant.

WYLY, J.   This is a contest between the creditors of the defendant, Mrs. Morgan, for the proceeds of her property, sold under the *fi. fa.* issued in the judgment of the plaintiff against the defendants.

Two oppositions were filed; one by J. P. Harrison, claiming the proceeds by virtue of the alleged priority of his judgment, and the other by James Vignes and others, who claim priority by virtue of their conventional mortgage, which has been rendered executory in the judgment which they hold against the defendant Mrs. Morgan.

The court gave judgment recognizing the superiority of Harrison's mortgage, and ordering the proceeds in dispute to be applied to the payment thereof. From this judgment the plaintiff, who was the seizing creditor, and the third opponents, James Vignes et als., have appealed. The conventional mortgage, granted in favor of James Vignes et als. is superior in rank to both the other mortgages; and it has been rendered executory in the judgment obtained by said mortgages against the defendant Mrs. Morgan. This conventional mortgage was given to Vignes et als. in order to secure them or to indemnify them from any liability or loss they might sustain from having signed as securities the notes given by the defendant Mrs. Morgan to the plaintiff, being the same on which the judgment sought to be enforced was based.

The opponent Harrison, concedes that the conventional mortgage in favor of these securities, Vignes et als., is superior in rank to his; nor does he contest the validity thereof; but he insists that as it is not alleged nor shown that they have yet suffered any loss by reason of their securetyship their mortgage is inoperative and the proceeds in dispute should be given to him or be applied to the satisfaction of his judgment.

The judgment under which the proceeds in dispute were derived is a judgment *in solido* against Mrs. Morgan and her securities Vignes and others. They have been held liable as securities for Mrs. Morgan. Now whether their mortgage was prematurely foreclosed or not, on the ground that they had not at the time of the foreclosure suffered the loss contemplated in the mortgage, is of no consequence. The mortgage has a legal cause; it is valid and obligatory and is prior in rank to that of the third opponent J. P. Harrison. Whether it was due and exigible at the time of its foreclosure or not, does not concern the said opponent. Assume, for argument, that it is a conditional conventional obligation, secured by mortgage, and that the condition has not yet happened. It is a mortgage, nevertheless, superior in rank to that of Harrison; it attaches to the property and can not be removed by the execution of the judgment of a junior mortgage creditor.

But it has been decided that the debt secured by the conventional mortgage is due and exigible; and although that judgment is not binding on the third opponent Harrison, because he was not a party, he can not attack it collaterally. He might have brought a direct action to set it aside if it stands in his way or if its annulment for prematurity would benefit him. But this has not been done; and as before remarked the mortgage is superior in rank to his, whether exigible or not at the time it was foreclosed. A mortgage secures an immature obligation as effectually as a mature one. The only question between creditors in a contest like this, is as to the rank of their respective

Ledoux v. Morgan et als.

mortgages; and here we find the rank of the mortgage set up by Vignes and others superior to that of Harrison, and also to that of Ledoux.

The funds realized from the sale of the common debtor's property, Mrs. Morgan, should, therefore, be applied to the satisfaction of the judgment set up by James Vignes et al., which amounts to more than the proceeds in the hands of the sheriff.

It is therefore ordered that the judgment appealed from be annulled; that the opposition of J. P. Harrison be rejected with costs, and that the opposition of Vignes and others be maintained, and that the funds in controversy be applied to the satisfaction of their judgment. It is further ordered that appellee pay costs of appeal.