LABORDE, Judge.
Plaintiffs, Ray and Rena Pitts, (Pitts) appeal the amount of a deficiency judgment granted them by the lower court against defendant, Raymond Mason.[1] The crucial issue on appeal is whether the trial court erred by failing to deduct from the bid price at the sheriff’s sale a sum sufficient to pay off a superior mortgage before calculating the deficiency amount owed by Mason. We hold that it did and we reverse and remand.
Ray and Rena Pitts, husband and wife, owned a tract of land in LaSalle Parish. They mortgaged this tract in order to secure an indebtedness to John Hancock Insurance Company in the original amount of $400,000. Thereafter, on January 6, 1979, Pitts sold the tract to Raymond Mason for $660,475.50. As security for the sale, Pitts reserved a vendor’s lien and privilege on the property which was inferior to the John Hancock mortgage. Mason defaulted and Pitts, after obtaining a judgment[2] against Mason, caused the tract to be sold at a sheriff’s sale in order to satisfy this judgment. At the sheriff’s sale, Pitts, the seizing creditors, purchased the tract with their bid of $610,000. Mason filed the present rule to show cause why the judgment against him should not be cancelled as satisfied in full. The lower court, in written reasons, refused to cancel the judgment and instead awarded Ray and Rena Pitts a defi *29 ciency judgment totaling $38,573.95. In awarding this deficiency, the lower court refused to subtract the amount of the superior John Hancock mortgage before calculating the amount of the deficiency due. Plaintiffs appealed on this basis.
A deficiency judgment is a judgment in favor of a creditor for the difference between the amount derived from the judicial sale held in order to satisfy the indebtedness. Kolb, Deficiency Judgments in Louisiana (Comment), 49 Tul.L.Rev. 1094 (1975). It is plaintiffs’ contention that the “amount derived from the judicial sale” is the amount after deducting the superior liens on the property. We agree.
Plaintiffs’ right to have the amount of the superior John Hancock mortgage deducted from their bid at the sheriff’s sale is expressly provided for in Book IV of the Louisiana Code of Civil Procedure. Fortier v. Fortier, 200 So.2d 901 (La.App. 4th Cir. 1967), writs ref., 251 La. 59, 202 So.2d 661, gave these provisions practical application as follows:
“In judicial sales in Louisiana the sheriff shall announce that the property is to be sold for cash subject to any mortgage, lien or privilege thereon superior to that of the seizing creditor. C.C.P. 2335. If there is a mortgage, lien or privilege on the property superior to that of the seizing creditor, the purchaser shall pay to the sheriff only that portion of the sale price which exceeds the amount of the superior mortgage, lien or privilege. C.C.P. art. 2374. Said articles accord with articles 679 and 683 of the late Code of Practice. Our law requires that at a judicial sale the purchaser shall bid for the full value of the property with the right to retain in his hands out of said price sufficient money to pay mortgages, liens and privileges superior to that of the seizing creditor. * * * At any rate, . .. it becomes incumbent upon the adjudica-tee to pay up superior mortgages, liens and privileges in order to perfect an unencumbered title to the property.”
In a judicial sale, the property is sold subject to any real charge with which it is burdened, superior to the mortgage of the seizing creditor. LSA-C.C.P. art. 2372. Because John Hancock’s mortgage was superior to plaintiffs’ vendor’s lien, that amount should have been deducted from the bid price prior to calculating the deficiency amount due.
It is of no moment that the superi- or claim had not yet matured on the date of the sheriff’s sale because upon purchasing the property, the purchaser at a sheriff’s sale becomes responsible for any superior claims as they mature. LeDoux v. Morgan, 24 La.Ann. 249 (Orleans App.1872); LSA C.C.P. art. 2378. Thus, upon purchasing the tract, plaintiffs became responsible for the superior John Hancock mortgage. Nor does it alter application of these articles when a seizing creditor is the purchaser at the sheriff’s sale because Code of Civil Procedure Article 2339 expressly provides that a seizing creditor may bid at the sale.
For these reasons, we agree with plaintiffs that prior to calculating the deficiency amount due them, the lower court should have subtracted from their bid the amount of the superior John Hancock mortgage. The record being incomplete in this area, we remand with instructions to the lower court to ascertain the amount of this superi- or mortgage in order that it may be subtracted from the bid price received at the sheriff’s sale. The remaining amount will then be subtracted from the amount of the judgment owed by Mason and a deficiency judgment granted for the difference.
A final issue is whether plaintiffs, as they allege, may deduct from their bid price ad valorem taxes paid by them on the property. A determination of this issue is one which should have been alleged and proved by plaintiffs prior to reaching the judgment that they are now seeking to execute. For this reason, this issue lacks merit.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for a determination by the trial judge of the amount of the superior mortgage so that he can subtract it from the bid and then calcu *30 late the deficiency judgment in accordance with law and the views expressed herein. Costs of this appeal are taxed against Mason; all other costs are to await further proceedings.
REVERSED AND REMANDED.

. Mason also appealed, however his appeal was dismissed because he failed to file a brief within 60 days from the date the transcript of appeal was lodged as required by the rules of this court.

. In their judgment against Mason, Mason was ordered to pay Ray and Rena Pitts $405,262.20 with 9% per annum interest thereon from January 6, 1979, along with attorney’s fees of 25% upon the total amount of principal and interest due plus all costs of the proceedings. Mason was further ordered to pay $34,198.10 with interest thereon at 10% from February 20, 1980, until paid. Mason was allowed a $7,500 credit applied against the interest.