KING, Judge,
dissenting.
I dissent from the majority opinion in this case for the reasons assigned by Judge Doucet. I agree with Judge Doucet that McCartney has not been denied the opportunity to obtain satisfaction of its judgment and that McCartney has not lost any of its legal rights under its judgment.
I also dissent from the holding of the majority which finds, without any citation of legal authority, that LSA-C.C.P. Articles 2372 and 2378 do not apply and are inapplicable where a superior lien has been erroneously omitted from a mortgage certificate prepared in connection with a sheriffs sale of the property subject to the lien. I also dissent from the attempt of the majority opinion to distinguish as inapplicable Pitts v. Mamón, 418 So.2d 27 (La.App. 3 Cir.1982), writ den., 422 So.2d 423 (La.1982) which recognizes that a superior lien holder can exercise such superior lien against the property subject to the lien, in the hands of any subsequent purchaser of the property at a sheriffs sale, even if the superior lien is omitted from a mortgage certificate prepared in connection with a sheriffs sale of property subject to the lien. Even had the superior lien of McCartney been correctly shown on the mortgage certificate Ezell would, as the purchaser and seizing creditor with an inferior lien, only have been required to pay the Sheriff the portion of the sale price which exceeded the superior lien of McCartney, See LSA-C.C.P. Art. 2374, and Ezell would have purchased the property subject to McCartney’s superior lien, See LSA-C.C.P. Art. 2372, and, if Ezell had then failed to pay McCartney’s superior lien, McCartney could still have enforced its superior lien against the property, See LSA-C.C.P. Art. 2378. The holding of the majority that these articles have limited applicability is contrary to the clear wording of these articles and well established legal authority and is illogical. What the majority opinion seeks to do is to relegate a superior lien holder, whose lien was erroneously omitted from a mortgage certificate prepared in connection with the sheriff’s sale of the property subject to the lien, to the sole remedy of suing to annul the sheriff’s sale rather than also being able to pursue any subsequent purchasers of the property or the property itself.
For these reasons I respectfully dissent from the decision of the majority.